■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SHERMAN GRANT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 2, 1971, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, P. J., Munder, Martuscello and Shapiro, JJ., concur; Hopkins, J., dissents and votes to reverse and to order a new trial, with the following memorandum: Defendant was convicted of felony murder. The main question presented is whether his statement to an Assistant District Attorney was admissible, under the stricture of *Miranda* v. *Arizona* (384 U. S. 436). That statement was recorded stenographically and discloses that defendant was advised of his rights under *Miranda*; the questioning then proceeded as follows: " Q. You understand you can have a lawyer here if you want one. If you want one, I won't ask you any questions. If you feel you want to tell me your side of the story, you can tell me your side, but as I said, if you want a lawyer, you can have one. If you can't afford one, we will get one for you. A. I can't afford one. Q. You can't afford one. I am going to ask you, do you want to answer any questions that I am going to ask you, or do you want a lawyer? A. I want a lawyer. Q. Do you want a lawyer now? A. I don't need a lawyer now. Q. If you want us to get a lawyer at some time in the future, you are willing to answer what I have to ask you; is that correct? A. Yes." In my opinion, the statement thereafter received from defendant violated due process. First, it is doubtful whether a law enforcement officer may press forward with interrogation once a defendant has said that he desires a lawyer. *Miranda* strongly indicates that the questioning should cease (*Miranda* v. *Arizona, supra,* p. 474). Second, *Miranda* goes further to say that if the questioning continues in the face of

the request for counsel, a heavy burden rests on the People to show a knowing and intelligent waiver (*Miranda* v. *Arizona, supra,* p. 475). Here the transcript shows no express waiver; it must be implied from defendant's utterance that he did not need an attorney "now". But this came after the refining questions of the assistant district attorney which sought skillfully to reduce defendant's expressed need for an attorney to the need for an attorney only at some future date. Of course, the leading questions addressed to defendant drew him into the statement which he then made. There is, in short, nothing in the record to establish that defendant, stricken with remorse or resigned to his certain fate, consciously chose to speak without the aid of an attorney. Third, quite beyond the rubrics laid down in *Miranda,* there are the requirements of due process. We have said before that "there are situations so laden with the probability of prejudice that they are deemed inherently lacking in due process," even when a waiver of *Miranda* rights is found (*People* v. *McIntyre,* 31 A D 2d 964, 965). I think that the conclusion which we reached in *McIntyre,* that the defendant's "interrogation by the police after he had once invoked his Fifth Amendment privilege and while he was in custody without counsel was improper", is fully applicable here. I see no material difference between the invocation of the privilege and the request for counsel. Both may be waived, but only after the discharge by the People of a heavy burden of proof; and both fall within the constitutionally protected rights of an accused (cf. *People* v. *Watts,* 35 A D 2d 802, affd. 29 N Y 2d 571). Hence, I am constrained to hold that the statement was inadmissible and that a new trial must be ordered.